## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Donald Mashak,** | **Civil No. 12-1333 (MJD/JJG)** |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **Residential Credit Solutions Corp.; Provident Bank, NA; Federal Reserve Bank System; Franklin First Financial Corp., John and Jane Doe, Mortgage Broker; John and Jane Doe, Property Appraiser; John and Jane Doe, Brokers; and John and Jane Does;** | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Federal Reserve Bank System's Motion to Dismiss (ECF No. 11) and Plaintiff Donald Mashak's Motion to Dismiss Without Prejudice (ECF No. 19). The motions were referred to this Court for the issuance of a Report and Recommendation (ECF Nos. 23, 24.) For the reasons set forth below, the Court recommends that Plaintiff's motion be granted, Defendant's motion be denied as moot, and this case be dismissed without prejudice.

## I.   BACKGROUND

Plaintiff Donald Mashak, who is proceeding pro se, commenced this action on June 1, 2012, by filing a complaint in federal court. Defendants are Residential Credit Solutions Corp.; Provident Bank, NA; Federal Reserve Bank System; Franklin First Financial Corp.; John and Jane Doe, Mortgage Broker; John and Jane Doe, Property Appraiser; John and Jane Doe,

Brokers; and John and Jane Does. Plaintiff is suing Defendants for multiple claims including unlawful foreclosure, breach of contract, fraud, violations of the Real Estate Settlement and Procedures Act, violations of the Truth in Lending Act, intentional or negligent false inflation of property value, criminal conspiracy, civil conspiracy, the Fair Debt Collection Act, the Fair Credit Reporting Act, breach of fiduciary duty, negligence, unconstitutionality of the Federal Reserve Bank System, violation of the Thirteenth Amendment, insider trading, engaging in unconscionable acts, and emotional distress.

Executed summonses filed with the Court indicate that service was effected on Defendant Federal Reserve Bank System on either August 15, 2012 or November 1, 2012; on Defendant Residential Credit Solutions Corp. on October 30, 2012; and on Defendant Provident Bank, NA on November 20, 2012. (ECF No. 17.) No Defendant has filed an answer, but Defendant Federal Reserve Bank System filed a motion to dismiss on November 14, 2012. On January 2, 2013, Plaintiff filed a motion to voluntarily dismiss the entire action without prejudice (ECF No. 19). Plaintiff argues that he is permitted to withdraw his complaint before any defendant files an answer under the Federal Rules of Civil Procedure. (Pl.'s Mem. Supp. Mot. Dismiss at 1, ECF No. 20.) It is clear from Plaintiff's submission that he wishes to dismiss the entire action. (*Id.*)

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action without court approval in two circumstances: (1) when the opposing party or parties have not filed an answer or motion for summary judgment, or (2) when all parties stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1)(A). The first circumstance is relevant here.

A motion to dismiss is "not considered to be the equivalent of either an answer or a motion for summary judgment." *Randall v. Direct Buy, Inc.*, No. 4:09CV243SNLJ, 2009 WL 4030533, at *2 (E.D. Mo. Nov. 19, 2009) (citing *Brackett v. State Highways & Transp. Comm'n of Missouri*, 163 F.R.D. 305, 307 (W.D. Mo. 1995); *see Hawkins v. Singer*, No. Civ. 02-4098 (JRT/FLN), 2003 WL 22076552, at *2 n.1 (D. Minn. Sept. 2, 2003) (Tunheim, J.); *Woody v. City of Duluth*, 176 F.R.D. 310, 311, 314 (D. Minn. 1997) (Davis, J.) (adopting Report and Recommendation of Erickson, Mag. J.). In the context of Rule 41, the filing of an answer or a motion for summary judgment must be "construed strictly and exclusively." *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990). Here, no party has filed an answer or motion for summary judgment. Although Defendant Federal Reserve Bank System filed a motion to dismiss, this is not the equivalent of an answer or motion for summary judgment. *See Randall*, 2009 WL 4030533, at *2; *Woody*, 176 F.R.D. at 314.

As long as no opposing party has filed an answer or motion for summary judgment, a plaintiff is entitled to voluntarily dismiss his claims as a matter of right. *Woody*, 176 F.R.D. at 313. Rule 41(a)(1)(A) "permits dismissal as of right," and thus "requires only notice to the court, not a motion, and permission or order of court is not required." *Safeguard Bus. Sys.*, 907 F.2d at 863. Courts must liberally construe a pro se plaintiff's motion to voluntarily dismiss as a notice of voluntary dismissal. *Ventura-Vera v. Dewitt*, 417 F. App'x 591, 591-92 (8th Cir. 2011). Accordingly, the Court recommends that Plaintiff's motion to dismiss be construed as a notice of voluntary dismissal as of January 2, 2013, the date it was filed. Plaintiff's notice of voluntary dismissal renders Defendant Federal Reserve Bank System's motion moot, *see Woody*, 176

F.R.D. at 315, and the Court recommends the motion be denied as moot. Finally, dismissal should be without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

## III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff Donald Mashak's Motion to Dismiss (ECF No. 19) be construed as a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A) and therefore **GRANTED**;

2.    Defendant Federal Reserve Bank System's Motion to Dismiss (ECF No. 11) be **DENIED AS MOOT**;

3.    This action be **DISMISSED WITHOUT PREJUDICE**; and

4.    **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: January 10, 2013

s/ *Jeanne J. Graham*
_____
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 29, 2013**.  A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.